930 F.2d 913
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Richard ANDREWS, a/k/a John Stuart Andrews, Defendant-Appellant.
 No. 89-6770.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 19, 1990.
Decided April 15, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-89-389-JH, CR-84-362-JH)
 John Richard Andrews, appellant pro se.
 Donna Helen Triptow, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Richard Andrews appeals from the district court's order refusing relief under 28 U.S.C. Sec. 2255. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, except for the analysis relating to Andrews's claim that the wire fraud restitution order was incorrectly calculated, we affirm on the reasoning of the district court. United States v. Andrews, CA-89-389-JH, CR-84-362-JH (D.Md. July 24, 1989).
 
 
 2
 The district court inadvertently characterized Andrews's claim that the wire fraud restitution order was incorrect as being identical to an argument he had presented in a previous Sec. 2255 claim, and dismissed this claim. This analysis is in error however, because in his previous Sec. 2255 petition Andrews was attacking the restitution order resulting from Counts 2 and 3 of the indictment, whereas the present attack is based on Count 1, to which Andrews pled guilty.
 
 
 3
 A guilty plea constitutes an admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). An accused's statements at arraignment which demonstrate the plea's validity, absent a compelling reason why they should not be, are conclusive. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981). The plea "is itself a conviction" of the offense charged. Boykin v. Alabama, 395 U.S. 238, 242 (1969).
 
 
 4
 Since Andrews pled guilty to Count 1 of the indictment, and the voluntariness of the plea was confirmed in his previous Sec. 2255 petition, United States v. Andrews, No. 88-7166 (4th Cir. Jan. 4, 1989) (unpublished), Andrews admitted to defrauding Titan International for the indicted amount of $4,000. The record in this case discloses that the district court, as required by United States v. Bruchey, 810 F.2d 456 (4th Cir.1987), made an explicit finding of fact that Andrews still owed $2,500 to Titan International, and ordered him to pay this amount in restitution. Therefore, the district court properly ordered restitution on this count and the claim was properly dismissed.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.